UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRIA FITZGERALD

        Plaintiff,

- against -

THE WE COMPANY d/b/a WEWORK, DAVID STILES and DANNY DUONG, in their individual and professional capacities,

        Defendants.

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

20-cv-05260

      WHEREAS, on April 6, 2021, counsel for Plaintiff issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on third party Airbnb, Inc. ("Airbnb") in the above-captioned action.

      WHEREAS, on April 12, 2021, Airbnb timely objected to the same pursuant to Federal Rule of Civil Procedure ("Rule 45"), subdivision (d)(2)(b).

      WHEREAS, on June 30, 2021, following meet and confer between counsel for Airbnb and counsel for Plaintiff, Plaintiff amended its Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena").

      WHEREAS, the Subpoena seeks documents that contain the confidential, nonpublic and competitively sensitive information of Airbnb.

      WHEREAS, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that Airbnb may need to disclose in connection with discovery in this action;

      IT IS HEREBY ORDERED that Plaintiff and Airbnb will adhere to the following terms, upon pain of contempt:

      1.    Counsel for Airbnb may designate any document or information, in whole or in part, as confidential if it determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated as confidential will be stamped "CONFIDENTIAL" ("Confidential Information").

      2.    The Confidential Information disclosed by Airbnb in response to this Subpoena or any subsequent subpoena that Plaintiff serves upon Airbnb in the action will be held and used by Plaintiff solely for use in connection with the action.

      3.    Prior to using or disclosing any of Airbnb's Confidential Information in this action, Plaintiff shall designate such documents as "CONFIDENTIAL" in accordance with the terms of the Stipulated Protective Order between Plaintiff and Defendants, which this Court entered on January 6, 2021.

      4.    All documents that Airbnb designates as "CONFIDENTIAL" shall not be disclosed to any person, except:

          a.    The parties to this action and their counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person other than to The We Company d/b/a WeWork, David Stiles and/or their counsel, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) produced in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of Airbnb's right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. In the event that Airbnb designates a document that Plaintiff has already disclosed as "CONFIDENTIAL" in accordance with Airbnb's rights under this paragraph, Plaintiff shall designate all versions of the document it previously disclosed as "CONFIDENTIAL" in accordance with its own rights under paragraph 6 of the January 6, 2021 Stipulated Protective Order.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Agreement and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party to this Agreement's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

SO STIPULATED AND AGREED.

| WIGDOR LLP | SACKS, RICKETTS & CASE LLP |
|---|---|
| Attorneys for Plaintiff | Attorneys for Third Party Airbnb, Inc. |
| BY: _____ | BY: _____ |
| Valdi Licul | Tiffany Lena |
| Lindsay M. Goldbrum | |
| Dated: September 21, 2021 | Dated: September 21, 2021 |

SO ORDERED.

Dated: _____
      New York, New York

 

_____
ANALISA TORRES
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRIA FITZGERALD

        Plaintiff,

- against -

THE WE COMPANY d/b/a WEWORK, DAVID STILES and DANNY DUONG, in their individual and professional capacities

        Defendants.

**NON-DISCLOSURE AGREEMENT**

20-cv-05260

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                _____

                                                   Dated: